1
2
3
4
5
6
7

8

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

9

**SOUTHERN DIVISION**

10

11
12

MASS PROBIOTICS, INC.,
a Delaware Corporation,

CASE NO. SA CV 16-1394-DOC (GJS)

13

Plaintiff,

14

v.

**STIPULATED PROTECTIVE ORDER**[1]

15

ASEPTIC TECHNOLOGY, LLC,

16

a California Limited Liability
Company,

17

Defendant.

18

19

20          Pursuant to Fed. R. Civ. P. 26(c), the parties (each a "Party," and together,

21   the "Parties") to this litigation (the "Litigation"), by their counsel of record,

22   stipulate and move the Court for the entry of a Stipulated Protective Order (the

23   "Stipulation") in the above-captioned matter concerning the treatment of Protected

24   Material.

25

26

27

28

---

[1] This Stipulated Protective Order substantially incorporates language from the model protective order provided under Magistrate Judge Gail J. Standish's Procedures.

1.  INTRODUCTION

    A. PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

    B. GOOD CAUSE STATEMENT

The Parties agree that discovery in this action is likely to involve trade secrets, confidential processes and formulas, valuable research, technical and proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

      C. ACKNOWLEDGMENT OF PROCEDURE FOR FILING UNDER SEAL

     The Parties further acknowledge that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

     There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002), *Makar-Welbon v. Sony Electrics, Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing), and a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification, must be made with respect to Protected Material that a party seeks to file under seal. The Parties' mere designation of Disclosure or Discovery Material as CONFIDENTIAL or ATTORNEYS' EYES ONLY does not – without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable – constitute good cause.

Further, if a Party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected.  *See Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677–79 (9th Cir. 2010).  For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the Party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order.  Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed.  Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

2.   SCOPE

This Stipulation shall cover all information disclosed by either Party and designated in good faith by either Party as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY"  during the course of the Litigation, including, but not limited to, discovery responses, documents produced (including electronic documents) and testimony provided (collectively, "Protected Material") which discloses information which the designating Party verily believes contains non-public, confidential information.

The protections conferred by this Stipulation and Order cover not only Protected Material, but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected

Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.  Whenever any Party to whom electronic data designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" is produced reduces such designated material to hard copy form, such Party shall mark every applicable page of all such designated material in the hard copy form with the words "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Testimony shall be treated as described below.  For purposes of this Stipulation, "Discovery Material" includes, but is not limited to, documents, testimony or other materials which is produced during the discovery phase of this litigation.

Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

3.   <u>DURATION</u>

Once a case proceeds to trial, information that was designated as CONFIDENTIAL, ATTORNEYS' EYES ONLY, maintained pursuant to this protective order used, or introduced as an exhibit at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial.  *See Kamakana*, 447 F.3d at 1180–81 (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record).  Accordingly, the terms of this protective order do not extend beyond the commencement of the trial.

4.   <u>DESIGNATING PROTECTED MATERIAL</u>

Any producing Party or Non-Party may designate certain Discovery Material as "CONFIDENTIAL" under the terms of this Stipulation if such party in good faith believes that such Discovery Material contains non-public, confidential or

proprietary information that requires the protections provided in this Stipulation and Order.  Any producing Party or Non-Party may designate as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" any Discovery Material that the designating Party or Non-Party verily believes in good faith to contain non-public, confidential information which is currently commercially sensitive information and that the producing Party or Non-Party or its counsel in good faith reasonably believes is substantially likely to cause injury to the producing Party if produced other than as permitted pursuant to this Stipulation.

A.   Exercise of Restraint and Care in Designating Material for Protection.

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items or oral or written communications that qualify so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

B.     Manner and Timing of Designations.

Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

i.     All Protected Material produced in the Litigation shall be marked "CONFIDENTIAL" by the producing Party, and each page that contains confidential information shall be marked "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Electronic data shall be embedded or otherwise marked with a ledger, electronic stamp, or electronic watermark of "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" by the producing Party, and the producing Party shall provide written notice that such data is to be considered "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" in accordance with this Stipulation.  If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

ii.     At any deposition in the Litigation, a Party may designate all or a portion of the deposition testimony as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" by so stating on the record.  Such designation shall be indicated on the title page of the deposition transcript and on each page of the transcript where Protected Material appears.  A Party may also, within fifteen (15) days after copies of a deposition

transcript are served, designate in a separate writing all or any portion of the testimony given in the deposition as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" even if such testimony was not designated as such during the deposition.

iii.   If either Party intends to file documents and materials with the Court containing any information which has been designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," the filing Party must either file such documents under seal following all applicable Court rules and procedures, or the filing Party must successfully challenge the documents' or materials' status as "Protected Material" pursuant to section 5 below prior to filing.  If the Party seeking to file any documents designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" is the receiving Party, the designating Party agrees to cooperate and supply any necessary basis to justify a filing under seal.  The denial of any properly-filed motion to seal shall not prohibit the filing party's use of the subject material in connection with the motion in support of which the Protected Material was filed. Further, nothing in this Protective Order shall preclude any party from filing a motion seeking further or different protection from the Court under Fed. R. Civ. P. 26(c), or from filing a motion with respect to the manner in which confidential information shall be treated at trial.

C.     <u>Inadvertent Failure to Designate</u>.

The inadvertent production of Protected Material not designated as

"CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" will not be deemed a waiver of the producing Party's right to so designate such material or to seek such other confidential treatment as may be appropriate, if timely corrected.  The inadvertent failure to designate such material shall be corrected by supplemental written notice to the receiving Party as soon as practicable, and the receiving Party shall make all reasonable efforts to retrieve all copies, if any, of such documents disclosed to persons not otherwise entitled to view "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" material and to prevent further use or disclosure of Protected Material contained therein by such persons.

5.       CHALLENGING CONFIDENTIALITY DESIGNATIONS

A.     Timing of Challenges.  Any Party or Non-Party may challenge a designation of "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" at any time that is consistent with the Court's Scheduling Order.

B.     Meet and Confer.  The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 *et seq.*  Counsel to the Parties shall confer in good faith to resolve any disputes arising under this Stipulation.  Any material whose confidential status is disputed shall continue to be treated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" until the disputing Party agrees or the Court orders otherwise.  No application shall be made to the Court to resolve such disputes until after counsel have consulted in good faith.

C.     The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary

expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

6.      ACCESS TO AND USE OF PROTECTED MATERIAL

Protected Material shall be used solely for the purpose of prosecuting, defending or attempting to settle this the Litigation (including any appeal), and shall not be used or disclosed for any other purpose or in connection with any other litigation, arbitration, or other legal proceeding, except as otherwise provided herein.

A.      Any Discovery Material designated as "CONFIDENTIAL" shall not be disclosed in any manner to any person or entity except the following:

i.      counsel of record for the Parties hereto, including all lawyers, paralegals, and other employees of the firms of the Parties' counsel of record (and, in the case of non-attorneys, only to the degree that is strictly necessary to perform work contemplated within the scope of the Litigation, and under the direct supervision of an attorney);

ii.     any expert or consultant who is not an officer, director, employee, or shareholder of a Party, who is retained (or considered for retention) in connection with the Litigation by any attorney described in subparagraph (i), and who has signed the "Acknowledgment and Agreement to Be Bound," in the form attached hereto as Exhibit A;

iii.    the Parties;

iv.    the authors and recipients of documents containing Protected Material;

v.    deposition or hearing/trial witnesses (not covered by any other exceptions herein) who need to be questioned about specific Protected Material in preparation for, or during, their deposition or the Litigation, and have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

vi.    any mediator or arbitrator appointed to conduct any alternative dispute resolution in the above-captioned action;

vii.    the Court and all Court personnel; and

viii.    court reporters (including stenographers and video technicians) engaged by counsel of record to record, transcribe, or videotape testimony in this Litigation, and copy services, data entry, and computer support services engaged by counsel of record who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

The Parties, through their counsel, agree to inform every person within Paragraphs 6(A)(ii), (v), and (vi) (above), as well as non-attorneys pursuant to Paragraph 6(A)(i) (above), to whom disclosure of any Protected Material will be made of the restrictions on disclosure contained in this Stipulation.

B.    Any Discovery Material designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall not be disclosed in any manner to any person or entity except the following:

i.    counsel of record for the Parties hereto, including all lawyers, paralegals, and other employees of the firms of the Parties' counsel of record (and, in the case of non-attorneys, only to the

degree that is strictly necessary to perform work contemplated within the scope of the Litigation, and under the direct supervision of an attorney);

ii.    any expert or consultant who is not an officer, director, employee, or shareholder of a Party, who is retained (or considered for retention) in connection with the Litigation by any attorney described in subparagraph (i);

iii.    the authors and recipients of documents containing Protected Material;

iv.    deposition or hearing/trial witnesses (not covered by any other exceptions herein) who need to be questioned about specific Protected Material in preparation for, or during, their deposition or the Litigation;

v.    the Court and all Court personnel; and

vi.    court reporters (including stenographers and video technicians) engaged by counsel of record to record, transcribe, or videotape testimony in this Litigation, and copy services, data entry, and computer support services engaged by counsel of record.

7.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN  OTHER LITIGATION</u>

In the event that a receiving Party is served with a subpoena by any person, firm, corporation or other entity who is not a Party to this Stipulation, which seeks to compel a production of material that has been designated by a producing Party as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Party upon whom the subpoena is served shall give written notice of the subpoena to the Party who has asserted the "CONFIDENTIAL" or

"CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation within seven (7) days of receipt of the subpoena and, in any event, before the production date set forth in the subpoena.  The Party who has initially designated the "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" material shall then have the responsibility to obtain a Court order to quash the subpoena and/or obtain such other relief as will protect the "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" nature of the material. Should such a motion to quash or motion for protective be filed before the requested production date, the Party upon whom the subpoena is served shall not deliver the documents until after such time as the Court (or other appropriate court or tribunal) rules on the subject motion; should an order be obtained, the Party upon whom the subpoena is served shall comply with the order.  Should no motion be filed before the scheduled production date, the Party upon whom the subpoena is served may comply with the subpoena.  The Designating Party shall bear the burden and expense of seeking protection in that court of its Protected Material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

8.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

      A.   The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

B.   In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

   i.   promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

  ii.   promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

iii.   make the information requested available for inspection by the Non-Party, if requested.

C.   If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

-14-

9.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10.     INADVERTENT PRODUCTION OF PRIVILEGED OR
        OTHERWISE PROTECTED MATERIAL

The production of any documents, confidential or otherwise, in this Litigation is without prejudice to any claim by the producing Party, or producing non-party, that such documents are privileged or contain work product.  If, after Protected Material is produced, a claim of privilege or work product is subsequently made, the receiving Party shall take reasonable steps to ensure that all known copies of such documents are returned promptly to the producing Party, and no waiver of privilege or immunity shall be deemed to have occurred.  The inadvertent disclosure of privileged documents shall not create or constitute a waiver of any applicable privilege.  Notwithstanding the foregoing, the receiving Party reserves the right to contest the assertion of privilege or other protection with respect to any document.

11.     MISCELLANEOUS

        A.      This Stipulation shall not prejudice the right of any Party to
                apply to the Court for relief from or modification of this
                Stipulation or for further protective orders as the Court may
                deem appropriate.

    B.    Nothing in this Stipulation shall prevent any Party from disclosing its own Protected Material to a person or entity as it deems appropriate.

    C.    The Parties agree that prior to approval by the Court, this Stipulation shall be binding on the Parties and shall be treated by the Parties as if approved.

12.   <u>FINAL DISPOSITION</u>

Within sixty (60) days after the final resolution of the Litigation, and any appeals related thereto, the Parties shall cause all persons who have received Protected Material to: (a) return such Protected Material and all copies thereof (including summaries and excerpts) to the producing Party; or (b) destroy all such Protected Material and certify in writing to the producing Party that such Protected Material has been destroyed.  The Parties and their counsel shall be entitled to retain court papers, deposition and trial transcripts, and attorney work product provided that, to the extent that such items contain Protected Material, the pertinent portions of such court papers or attorney work product shall not be disclosed to any person except by agreement of the disclosing Party or by operation of law.

13.   <u>VIOLATION</u>

Any violation of this Order may be punished by appropriate measures, including, without limitation, contempt proceedings or monetary sanctions.  The Parties consent to injunctive relief to prevent or stop any breach or threatened

//
//
//
//

-16-

breach of this Stipulation.  In any such action, this Stipulation may be admissible into evidence.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED:                                              SHLANSKY LAW GROUP, LLP

February 23, 2017                              /s/ Colin R. Hagan
                                                             Colin R. Hagan (SBN 298591)
                                                             *Attorneys for Plaintiff MASS*
                                                             *PROBIOTICS, INC.*


DATED:                                              GRANT, GENOVESE & BARATTA,
                                                             LLP

February 23, 2017                              /s/ Aaron A. Kupchella
                                                             Aaron A. Kupchella (SBN 286336)
                                                             David C. Grant (SBN 053635)
                                                             *Attorneys for Defendant ASEPTIC*
                                                             *TECHNOLOGY, LLC*


## ATTESTATION REGARDING SIGNATURES

I, Colin R. Hagan, attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

DATED:  February 23, 2017
                                                             /s/ Colin R. Hagan
                                                             Colin R. Hagan

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED:  February 28, 2017

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE

# **EXHIBIT A**

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of Mass Probiotics, Inc., a Delaware Corporation v. Aseptic Technology, LLC, a California Limited Liability Company, Case Number SA CV 16-1394-DOC (GJS).  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California, Southern Division – Santa Ana, for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____