**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 16-1394-DOC (GJSx)          Date: December 21, 2017

Title: MASS PROBIOTICS, INC. V. ASEPTIC TECHNOLOGY, LLC

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Deborah Lewman | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**    **ORDER GRANTING DEFENDANT'S MOTION TO STRIKE SUPPLEMENTAL DISCLOSURE AND EXCLUDE EVIDENCE [54]**

Before the Court is Defendant and Cross-Claimant Aseptic Technology, LLC's ("Defendant" or "Aseptic") Motion to Strike Plaintiff's Supplemental Disclosure and Exclude Plaintiff From Introducing Any Evidence of the New Damage Claims Therein ("Motion") (Dkt. 54). The Court finds this matter appropriate for resolution without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. Having reviewed the papers, the Court GRANTS Petitioner's Motion.

**I.  Background**

On July 27, 2016, Plaintiff Mass Probiotics, Inc. ("Plaintiff" or "Mass Probiotics") filed its Complaint (Dkt. 1). In the Complaint, Plaintiff brought claims against Defendant for: (1) breach of contract, (2) violation of California's Unfair Competition Law, California Business & Professions Code § 17200, *et seq.*, (3) negligence, (4) breach of implied warranty of merchantability, (5) breach of implied warranty of fitness for a particular purpose, and (6) breach of express warranty. Compl. ¶¶ 40–71.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 16-1394-DOC (GJSx)                                            Date: December 21, 2017
                                                                                                            Page 2

As to the breach of contract claim, Plaintiff alleged the following regarding its damages:

> As a direct and proximate result of Aseptic's breach, Mass Probiotics has suffered substantial damages, in an amount to be established at trial, including, without limitation, including the loss of the price paid to Aseptic, lost revenue from unsalable products, the cost of testing the contaminated units, storage costs for the contaminated units, and additional costs to reproduce the product.

*Id.* ¶ 45. For each of the other five claims, Plaintiff simply stated, "As a direct and proximate result of Aseptic's [violation alleged in that claim], Mass Probiotics has incurred damages, including attorneys' fees and other expenses in an amount to be determined at trial." *Id.* ¶¶ 50, 57, 63, 67, 71.

On November 28, 2016, Plaintiff submitted its Initial Disclosures to Defendant pursuant to Federal Rule of Civil Procedure 26(a)(1). *See* Initial Disclosures (Dkt. 54-5). Rule 26(a)(1)(A) requires a party to disclose, among other things, "a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying . . . the documents or other evidentiary material . . . on which each computation is based, including materials bearing on the nature and extent of injuries suffered." Fed. R. Civ. P. 26(a)(1)(A)(iii). In its Initial Disclosure, Plaintiff stated the following regarding its computation of damages:

> As a result of Aseptic's unlawful actions (as defined in the Complaint), Mass Probiotics seeks compensatory damages of approximately $350,000.00, plus all pre-judgment interest accrued thereupon. In addition to the approximately $350,000.00 owed to Mass Probiotics, Mass Probiotics is also seeking attorneys' fees and costs, as well as such other and further relief that this Court considers just and proper.
>
> Mass Probiotics will make available for inspection and copying documents and other evidentiary material regarding its compensatory damages related to Aseptic's unlawful actions. Investigation and discovery are ongoing, and certain damages, including interest and attorneys' fees and costs, are continuing to accrue.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SA CV 16-1394-DOC (GJSx) | Date: December 21, 2017 |
| | Page 3 |

> Mass Probiotic reserves its right to supplement its disclosures pursuant to Fed. R. Civ. P. 26(e) should any additional information be obtained or come to light as discovery progresses.

Initial Disclosures at 3–4.

On October 30, 2017—the last day of the discovery period and less than three months before trial—Plaintiff submitted a Supplemental Disclosure to Defendant superseding the damages calculation provided in its Initial Disclosures and instead providing as follows:

> As a result of Aseptic's unlawful conduct (including as described in the First Amended Complaint), Mass Probiotics seeks compensatory damages of approximately $11,956,551.10, plus all pre-judgment interest accrued thereupon, calculated as follows:
>
> A. Contract damages of $228,706.40, consisting of: (i) $88,952.40 in direct damages (expected revenue of $2.00 per bottle minus cost of production of $1.40 per bottle of 148,254 bottles/24,709 cases); and (ii) consequential damages of $139,754 (including $38,000 to produce new bottles and $101,754 in cost of storage and cost to discard).
>
> B. Damages under the Lanham Act and False Advertising Law of $102,859.70 (reflecting the amount of payments made to Aseptic for the production runs at issue).
>
> C. Damages for negligence resulting in lost business and lost prospective economic gain of: (i) $463,731.00 (reflecting the different in quarterly sales in the quarter in which contamination was identified compared to the mean quarterly decrease for the quarters since that time, running through December 31, 2018); (ii) lost revenue growth of $420,231.00 (applying the revenue growth experienced by Mass Probiotics' ready-to-mix products, applied to the ready-to-drink products at issue). Note that the total of $463,731.00 is net of costs of production and travel costs to avoid double-counting.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 16-1394-DOC (GJSx)  Date: December 21, 2017
Page 4

D. In addition, Mass Probiotics seeks damages for lost future recurrent revenue. Based on the reduced revenue reflected above of approximately $883,962.00, the timing of that revenue loss, and the attendant loss of goodwill derived from pleased customers, damages for future foreseeable and normal recurrent sales of three years of future net revenue future revenue of like amounts (commensurate with a lower than historic rate of customer retention of quality product), comprises $2,651,886.

E. In addition, Mass Probiotics seeks damages for lost enterprise value. Based on the reduced revenue reflected above of approximately $1,155,591, the timing of that revenue loss, and the attendant loss of goodwill derived from pleased customers, damages for lost enterprise value, based on an approximate 7x multiple of gross revenue tallies to approximately $8,089,137 on a present basis. This comprises three years of future revenue future revenue of like amounts, plus a factor of seven times that on an enterprise sale basis, based on current market multiples.

F. Mass Probiotics also reserves the right to seek damages of $271,629.00 for breach of warranty reflecting the expected value of the products if they had been produced pursuant to the express and implied warranties given by Aseptic compared to the value of the products in the state in which they were produced.

In addition to the $11,956,551.10, Mass Probiotics is also seeking: (i) its attorneys' fees and costs; (ii) treble damages for Aseptic's false advertising and unfair competition in violation of federal and state laws (as set forth in the First Amended Complaint); (iii) exemplary damages pursuant to Cal. Civ. Code § 3294; (iv) punitive damages for Aseptic's willful conduct and reckless disregard for the Mass Probiotics' rights; and (v) such other and further relief that the Court considers just and proper.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 16-1394-DOC (GJSx)                                          Date: December 21, 2017
                                                                                                                                 Page 5

Supplemental Disclosure (Dkt. 54-1) at 4–5.

After conferring with Plaintiff's counsel by mail and telephone, Defendant filed the instant Motion on November 19, 2017. Plaintiff opposed on November 28, 2017 ("Opp'n") (Dkt. 57). Defendant replied on December 4, 2017 ("Reply") (Dkt. 59).

## II. Legal Standard

Federal Rule of Civil Procedure 26(a)(1)(A)(iii) requires that a party provide an initial disclosure of, among other things,

> a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.

Fed. R. Civ. P. 26(a)(1)(A)(iii).

Further, under Rule 26(e)(1)(A), a party must supplement or correct its disclosures or discovery responses "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). "Rule 37(c)(1) gives teeth" to these requirements by forbidding the use at trial of any information required to be disclosed that was not properly disclosed. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). Federal Rule of Civil Procedure 37(c)(1) provides that a party who fails to provide information as required by Rule 26(a) or (e) "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). In determining whether a late disclosure was substantially justified or harmless, courts consider factors such as: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the non-disclosing party's explanation for its failure to disclose the evidence." *Dey, L.P. v. Ivax Pharmaceuticals, Inc.*, 233 F.R.D. 567, 571 (C.D. Cal. 2005) (citing *Southern States Rack & Fixture, Inc. v. Sherwin–Williams Co.,* 318 F.3d 592 (4th Cir. 2003)).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---:|
| Case No. SA CV 16-1394-DOC (GJSx) | Date: December 21, 2017 |
| | Page 6 |

"The Advisory Committee Notes describe [Rule 37(c)(1)] as a 'self executing,' 'automatic' sanction to 'provide[ ] a strong inducement for disclosure . . . .'" *Yeti*, 259 F.3d at 1106 (quoting Fed. R. Civ. P. 37 advisory committee's notes to 1993 Amendment). As a result, the party facing Rule 37(c)(1) sanctions has the burden of proving the failure to comply was substantially justified or harmless. *See id.* at 1107; *see also Frontline Med. Associates, Inc. v. Coventry Health Care*, 263 F.R.D. 567, 568 (C.D. Cal. 2009). No showing of bad faith or willfulness is required. *Yeti*, 259 F.3d at 1106. Courts are more likely to exclude damages evidence when the belated disclosure would require a new briefing schedule and the reopening discovery. *See, e.g.*, *Hoffman v. Constr. Protective Services, Inc.*, 541 F.3d 1175, 1180 (9th Cir. 2008) ("Later disclosure of damages would have most likely required the court to create a new briefing schedule and perhaps re-open discovery, rather than simply set a trial date. Such modifications to the court's and the parties' schedules supports a finding that the failure to disclose was not harmless.").

Nevertheless, Rule 37(c)(1)'s exclusion sanctions are not mandatory. *Yeti*, 259 F.3d at 1106; *see also Bonzani v. Shinseki*, No. 2:11-CV-0007-EFB, 2014 WL 66529, at *3 (E.D. Cal. Jan. 8, 2014) (finding Rule 37(c)(1) exclusion sanctions are not mandatory, even when the insufficient disclosures are not substantially justified or harmless). A court's decision to exclude evidence is discretionary and the court is given "particularly wide latitude . . . to issue sanctions under Rule 37(c)(1)." *Yeti*, 259 F.3d at 1106. The Ninth Circuit has identified the following factors to consider in determining the appropriateness of discovery sanctions: (1) "the public's interest in expeditious resolution of litigation"; (2) "the court's need to manage its docket"; (3) "the risk of prejudice to the defendants"; (4) the public policy favoring disposition of cases on their merits"; and (5) "the availability of less drastic sanctions." *Wendt v. Host Int'l, Inc.,* 125 F.3d 806, 814 (9th Cir. 1997).

### III. Discussion

Defendant claims that Plaintiff's Supplemental Disclosure, which increased Plaintiff's damages calculation from approximately $350,000 to $11,956,551.10, was untimely because Plaintiff could have made the disclosures earlier. Mot. at 1. Defendant argues that the increase in damages just months before trial is severely prejudicial, because Defendant conducted discovery and prepared the case for trial on the assumption that Plaintiff was pursuing only the damages theory set forth in Plaintiff's Initial Disclosure. *See id.* at 6–7. As a result, Defendant asks that Plaintiff's Supplemental Disclosure be stricken and that Plaintiff be prohibited from introducing evidence at trial in support of its new damages claims. *Id.* at 3. Plaintiff responds that Defendant has

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 16-1394-DOC (GJSx)                                      Date: December 21, 2017
                                                                                                                                                   Page 7

suffered no prejudice because Plaintiff's Complaint and deposition testimony put Defendant on notice of Plaintiff's damages. Opp'n at 2–3.

      Federal Rule of Civil Procedure 26(e)(1)(A) requires that a party supplement or correct its initial disclosure "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). Here, Plaintiff failed to supplement its Initial Disclosure regarding its damages computation until less than three months from trial, on the date that discovery closed. In its Supplemental Disclosure, Plaintiff claimed five entirely new categories of damages—categories which it should at least have been able to identify at a much earlier stage if not at the time of the Initial Disclosures, even if it could not yet precisely calculate the exact damages amount for each category at that time. *See* Supplemental Disclosure at 4–5. Thus, Plaintiff failed to timely disclose the calculation of damages it provided to Defendant on October 30, 2017, in a Supplemental Disclosure.

      Failure to supplement disclosures, unless such failure is substantially justified or harmless, provides grounds to exclude the undisclosed information or evidence. Fed. R. Civ. P. 37(c)(1). Plaintiff first argues that its failure is harmless because its Complaint and the deposition testimony of its CEO in response to certain questions put Defendant on notice of Plaintiff's theories of damages. Opp'n at 2–3. Specifically, Plaintiff points to the following general factual allegations made in its Complaint and claims they put Defendant on notice of all the types of damages Plaintiff intended to claim:

> Due to Aseptic's contamination of the product, units produced by Aseptic are unsalable. Mass Probiotics has not only expended production costs and suffered significant loss in revenue, its inability to ship product to distributor and retail customers has created customer satisfaction challenges and prevented it from broadening its customer base. Additionally, it has incurred substantial cost in storing the contaminated product in anticipation of this litigation, as well as substantial cost in securing replacement production. Additionally, Mass Probiotics has lost shelf space at some of its retailers because it was unable to fill orders due to the contamination of product produced by Aseptic.

Compl. ¶¶ 38–39. However, factual allegations made in a Complaint and not even included in the Complaint's discussion of damages cannot replace disclosures required

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---:|
| Case No. SA CV 16-1394-DOC (GJSx) | Date: December 21, 2017 |
| | Page 8 |

under Rule 26. In fact, Plaintiff's failure to include the recently disclosed damages theories in its initial disclosures may have led the Defendant to believe that Plaintiff *was not* pursuing other damages alluded to in the Complaint. Thus, the Complaint did not sufficiently put Defendant on notice of Plaintiff's damage theories in a way that made the failure to disclose harmless, particularly because the Complaint contains no indication of the method for computation of such damages.

Next, Plaintiff claims that because Defendant's counsel asked brief questions about lost shelf space and decreased sales during the deposition of Plaintiff's President and CEO, Defendant was on notice of such categories of damages. Opp'n at 3–4. Plaintiff faults Defendant for failing to ask additional questions following the CEO's response that sales were in fact down and that he had lost shelf space. *Id.* at 4. However, given the fact that Defendant had no reason to believe that Plaintiff was claiming those damages in the lawsuit, Defendant's decision not to pursue the line of questioning any further was entirely logical. In other words, knowledge that Plaintiff had potentially incurred certain damages does not equate to notice that Plaintiff actually planned to claim and prove such damages at trial. Here, Plaintiff has provided no evidence that it in any way affirmatively notified Defendant of the vast damages it intended to claim, or the basis for computing those damages, before it submitted its Supplemental Disclosures. Thus, Defendant was not on notice of Plaintiff's damage theories until three months before trial. Because Defendant has been deprived of the opportunity to conduct discovery to investigate and evaluate Plaintiff's new computation of damages, Plaintiff cannot show that its untimely disclosure was harmless. Unless Defendant is afforded additional time and opportunity to conduct discovery, it will be materially prejudiced in its ability to defend this action at trial. The Ninth Circuit has made clear that late disclosure of information required by Rule 26(a) is not harmless where it requires discovery to be reopened and a new schedule to be created. *See Hoffman*, 541 F.3d at 1180; *see also Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1062 (9th Cir. 2005) (as amended) ("Disruption to the schedule of the court and other parties . . . is not harmless.").

Plaintiff also claims that its failure to timely disclose was justified because it supplemented its Initial Disclosures "as soon as practicable." Opp'n at 5. Plaintiff vaguely claims that it supplemented once it learned of information regarding the "viability of its damages theory." *Id.* at 6. While this argument is not entirely clear, Plaintiff seems to argue that it only confirmed during the June 14, 2017, deposition of Aseptic's principal that it could prove a required element to recover consequential damages for breach of contract under California law. *Id.* Beyond the fact that the damages Plaintiff now claims go beyond consequential damages for breach of contract, Plaintiff's argument is unavailing because it misunderstands the requirements and purpose of initial disclosures. A party should make disclosures about the claims it intends

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---:|
| Case No. SA CV 16-1394-DOC (GJSx) | Date: December 21, 2017 |
| | Page 9 |

to pursue, even if it does not yet have all the evidence to prove those claims. *See* Fed. R. Civ. P. 26(a)(1)(E) (providing that "a party must make its initial disclosures based on the information then reasonably available to it"—a party "is not excused from making its disclosures because it has not fully investigated the case."). In fact, initial disclosures are designed to help the opposing party plan the type of evidence it should seek to obtain during discovery. Much as a complaint is drafted before a plaintiff has collected all the evidence needed to prove its claims, if a plaintiff hopes to claim a particular category of damages, it should disclose its intent to do so even if it does not yet have all the evidence needed to support its computation. In fact, the procedure for supplemental disclosures is specifically designed to correct or supplement the initial disclosure if the plaintiff learns of new information during the discovery process. *See* Fed. R. Civ. P. 26(e). Thus, Plaintiff's arguments are insufficient to justify its failure to timely disclose the categories of damages it intended to claim and the computation for such damages. *See* Fed. R. Civ. P. 26(a)(1)(A)(iii).

For these reasons, Plaintiff has failed to carry its burden to show that its failure was substantially justified or harmless. Under these circumstances, an order barring Plaintiff from introducing evidence of its newly claimed damages would be justified under Federal Rule of Civil Procedure 37. However, the Court has wide latitude in deciding whether to issue such sanctions. *Yeti,* 259 F.3d at 1106; *see also Bollow v. Fed. Reserve Bank of S.F.,* 650 F.2d 1093, 1102 (9th Cir. 1981) (as modified) ("The decision whether to penalize a party for dilatory conduct during discovery proceedings is committed to the sound discretion of the trial court."). The propriety of excluding Plaintiff's evidence at trial may be adduced by considering the five factors articulated in *Wendt*. *See Wendt*, 125 F.3d at 814.

Here, the first *Wendt* factor—the public's interest in expeditious resolution of litigation—favors imposing the sanctions. Trial in this matter is set for January 16, 2018, which is less than a month away. Reopening discovery and giving Defendant sufficient time to plan for Plaintiff's thirty-four fold increase in claimed damages would significantly delay resolution of the case. Similarly, the second *Wendt* factor, which considers the Court's need to manage its docket, strongly favors excluding the evidence and moving forward with trial. This Court carries an immense load of cases and has rearranged its calendar to accommodate this trial. Third, allowing Plaintiff to present evidence regarding its newly claimed categories of damages would severely prejudice Defendant because it would entirely transform, at a very late stage in the litigation, the nature of the case. While excluding this evidence would not preclude disposition of Plaintiff's claims on their merits, exclusion would still affect disposition of the damages on their merits, and thus the fourth *Wendt* factor favors rejecting Defendant's requested sanctions. Finally, the fifth factor—the availability of less drastic sanctions—also favors

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SA CV 16-1394-DOC (GJSx) | Date: December 21, 2017 |
| | Page 10 |

rejecting the sanctions. The Court could reopen discovery and require Plaintiff to pay Defendant reasonable expenses, including attorney's fees, caused by the failure, or it could allow the evidence to be presented and simply inform the jury of Plaintiff's failure to timely disclose it. *See* Fed. R. Civ. P. 37(c)(1). However, the weight of the *Wendt* factors counsel in favor of exclusion. While the Court would much rather avoid imposing such a drastic measure, Plaintiff's utter failure to timely disclose even the relevant categories of damages it sought to claim, not to mention the computation of such damages, leaves the Court little choice.

### IV. Disposition

For the foregoing reasons, the Court GRANTS Defendant's Motion. The Court STRIKES Plaintiff's Supplemental Disclosure and PRECLUDES Plaintiff from presenting evidence at trial regarding the new categories of damages claimed in its Supplemental Disclosure.

The Clerk shall serve this minute order on the parties.

Initials of Deputy Clerk: djl

MINUTES FORM 11
CIVIL-GEN